# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| WILLIAM BARNES, | ) | JURY TRIAL DEMANDED |
| and | ) | |
| JASON POWELL, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. |
| THE CITY OF CHARLACK, MISSOURI, | ) | |
| and | ) | |
| ANDRÉ MORICE, in his individual capacity, | ) | |
| and | ) | |
| GENE SPEED, in his individual capacity, | ) | |
| and | ) | |
| DAVID ILLICK, in his individual capacity, | ) | |
| and | ) | |
| JARED GILBERT, in his individual capacity, | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COME NOW Plaintiffs William Barnes and Jason Powell, by and through counsel, and for their Complaint against Defendants The City of Charlack, Missouri, André Morice, Gene Speed, David Illick, and Jared Gilbert, state and allege as follows:

### **Parties**

1. Plaintiff William Barnes is a male resident of Troy, Missouri.

2. Plaintiff Jason Powell is a male resident of Hawk Point, Missouri.

3. Defendant The City of Charlack, Missouri ("City of Charlack") is a municipal corporation organized under Missouri law as a fourth class city. The City of Charlack is located in the Eastern Division of the Eastern District of Missouri and is governed by a mayor and a four-person Board of Aldermen.

4. Defendant André Morice resides in the Eastern District of Missouri. Defendant Morice is currently, and at all times relevant to this action was, a member of the Board of Aldermen of the City of Charlack. Defendant Morice is sued in his individual capacity.

5. Defendant Gene Speed resides in the Eastern District of Missouri and, at all times relevant to this action, was a member of the Board of Aldermen of the City of Charlack. Defendant Speed is sued in his individual capacity.

6. Defendant David Illick resides in the Eastern District of Missouri and, at all times relevant to this action, was a member of the Board of Aldermen of the City of Charlack. Defendant Illick is sued in his individual capacity.

7. Defendant Jared Gilbert resides in the Eastern District of Missouri and, at all times relevant to this action, was a member of the Board of Aldermen of the City of Charlack. Defendant Gilbert is sued in his individual capacity.

### Jurisdiction and Venue

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, in that this action arises under 42 U.S.C. § 1983.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that all defendants reside in the Eastern District of Missouri and the events or omissions giving rise to the claims in this action occurred in the Eastern District of Missouri.

**General Factual Allegations**

10. Plaintiff Barnes was employed by Defendant City of Charlack as a police officer from November 30, 2007, to January 9, 2013.

11. During his employment with Defendant City of Charlack, Plaintiff Barnes performed the duties of his job in a satisfactory manner.

12. Plaintiff Powell was employed by Defendant City of Charlack as a police officer from February 2009 to October 2012.

13. During his employment with Defendant City of Charlack, Plaintiff Powell performed the duties of his job in a satisfactory manner.

14. From 2007 to approximately July 10, 2012, Anthony Umbertino served as the Chief of Police and City Administrator for Defendant City of Charlack. As the Chief of Police, Umbertino was responsible for the day-to-day oversight and control of the Charlack police department.

15. On July 10, 2012, the Board of Aldermen of Defendant City of Charlack voted to terminate Umbertino's employment. Shortly thereafter, the Board of Aldermen appointed Sergeant Anthony Fanara to serve as the acting Chief of Police.

16. In July 2012, after the Board of Aldermen appointed Fanara to serve as the acting Chief of Police, Plaintiffs Barnes and Powell each submitted a document to the mayor and Board of Aldermen of Defendant City of Charlack expressing a vote of no confidence in the ability of Fanara to serve as the acting Chief of Police.

17. Plaintiffs Barnes and Powell informed the mayor and the Board of Aldermen that they did not trust Fanara's knowledge, skills, or abilities as the acting Chief of Police and that having Fanara in charge of the police department affected the safety of the police officers and the

entire City of Charlack. Plaintiffs Barnes and Powell also informed the mayor and the Board of Aldermen that Fanara used his position in a manner that created a hostile work environment for the police officers, which negatively affected the morale of the police officers and the performance of their duties.

18. On July 31, 2012, Plaintiff Barnes testified pursuant to a subpoena in a hearing in the Circuit Court of St. Louis County, Missouri. The purpose of the hearing was to determine whether the court should issue a temporary restraining order to prohibit the mayor of Defendant City of Charlack from reappointing Umbertino to the positions of Chief of Police and City Administrator after the Board of Aldermen terminated Umbertino's employment.

19. During the hearing, Plaintiff Barnes testified that since Fanara had been appointed to serve as the acting Chief of Police, the police department was in "complete disarray." Plaintiff Barnes testified that police officers were being required to work on the night shift by themselves, when crime rates are generally higher, and that that created an unsafe work environment for those police officers. Plaintiff Barnes further testified that he believed the police department would function better with Umbertino as the Chief of Police.

20. Pursuant to Mo. Rev. Stat. § 79.240, police officers employed by Defendant City of Charlack can be removed from office only by the mayor, with the consent of all the members of the Board of Aldermen, or by a two-thirds vote of all the members of the Board of Aldermen, independent of the mayor's approval or recommendation.

21. On or about October 7, 2013, Defendants Morice, Speed, Illick, and Gilbert voted to terminate Plaintiff Powell's employment.

22. On or about January 9, 2013, Defendants Morice, Speed, Illick, and Gilbert voted to terminate Plaintiff Barnes' employment.

## COUNT I

### Retaliatory Termination of Plaintiff Barnes in Violation of 42 U.S.C. § 1983

23. In expressing his vote of no confidence in the ability of Fanara to serve as the acting Chief of Police, and in providing truthful testimony under oath regarding the qualifications of Fanara to oversee the Charlack police department and the impact that Fanara's appointment as the acting Chief of Police had on the safety of the police officers, Plaintiff Barnes spoke as a citizen on matters of public concern and his speech was protected under the First Amendment to the United States Constitution.

24. Plaintiff Barnes' speech on matters of public concern did not affect the efficiency of any services provided by Defendant City of Charlack or disrupt the operation of the Charlack police department.

25. In voting to terminate Plaintiff Barnes' employment, Defendants Morice, Speed, Illick, and Gilbert were acting under color of state and municipal law.

26. Plaintiff Barnes' protected speech was a substantial or motivating factor in the decision of Defendants Morice, Speed, Illick, and Gilbert to terminate Plaintiff Barnes' employment.

27. Defendant City of Charlack is liable for the termination of Plaintiff Barnes' employment because the decision to terminate his employment represented official policy of Defendant City of Charlack in that the Board of Aldermen had final decision making authority with regard to the termination under state and municipal law.

28. Defendants' termination of Plaintiff Barnes' employment constitutes a deprivation of Plaintiff Barnes' right to free speech, as secured by the First Amendment to the United States Constitution, and violates 42 U.S.C. § 1983.

29.     At the time Defendants Morice, Speed, Illick, and Gilbert voted to terminate Plaintiff Barnes' employment, the law was clearly established that municipalities could not discharge an employee on a basis that infringes upon that employee's constitutionally protected interest in freedom of speech.

30.     As a direct and proximate result of Defendants' termination of Plaintiff Barnes' employment, Plaintiff Barnes has sustained and will continue to sustain lost wages and benefits of employment.

31.     As a direct and proximate result of Defendants' termination of Plaintiff Barnes' employment, Plaintiff Barnes has suffered emotional and mental distress.

32.     As a direct and proximate result of Defendants' termination of Plaintiff Barnes' employment, Plaintiff Barnes has incurred and will continue to incur attorneys' fees and costs of litigation.

33.     In terminating Plaintiff Barnes' employment, Defendants Morice, Speed, Illick, and Gilbert acted with evil motive or intent or with reckless or callous indifference to Plaintiff Barnes' federally protected rights and, therefore, an award of punitive damages against each of these defendants is appropriate.

WHEREFORE, Plaintiff Barnes prays that the Court, after trial by jury, enter judgment in his favor and against Defendants, in amounts to be determined at trial, for economic losses, including prejudgment interest; for compensatory damages, including damages for emotional and mental distress; for punitive damages against Defendants Morice, Speed, Illick, and Gilbert; for equitable relief, including reinstatement or, in the alternative, front pay; for attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

## COUNT II

**Retaliatory Termination of Plaintiff Powell in Violation of 42 U.S.C. § 1983**

34. In expressing his vote of no confidence in the ability of Fanara to serve as the acting Chief of Police, Plaintiff Powell spoke as a citizen on matters of public concern and his speech was protected under the First Amendment to the United States Constitution.

35. Plaintiff Powell's speech on matters of public concern did not affect the efficiency of any services provided by Defendant City of Charlack or disrupt the operation of the Charlack police department.

36. In voting to terminate Plaintiff Powell's employment, Defendants Morice, Speed, Illick, and Gilbert were acting under color of state and municipal law.

37. Plaintiff Powell's protected speech was a substantial or motivating factor in the decision of Defendants Morice, Speed, Illick, and Gilbert to terminate Plaintiff Powell's employment.

38. Defendant City of Charlack is liable for the termination of Plaintiff Powell's employment because the decision to terminate his employment represented official policy of Defendant City of Charlack in that the Board of Aldermen had final decision making authority with regard to the termination under state and municipal law.

39. Defendants' termination of Plaintiff Powell's employment constitutes a deprivation of Plaintiff Powell's right to free speech, as secured by the First Amendment to the United States Constitution, and violates 42 U.S.C. § 1983.

40. At the time Defendants Morice, Speed, Illick, and Gilbert voted to terminate Plaintiff Powell's employment, the law was clearly established that municipalities could not

discharge an employee on a basis that infringes upon that employee's constitutionally protected interest in freedom of speech.

41. As a direct and proximate result of Defendants' termination of Plaintiff Powell's employment, Plaintiff Powell has sustained and will continue to sustain lost wages and benefits of employment.

42. As a direct and proximate result of Defendants' termination of Plaintiff Powell's employment, Plaintiff Powell has suffered emotional and mental distress.

43. As a direct and proximate result of Defendants' termination of Plaintiff Powell's employment, Plaintiff Powell has incurred and will continue to incur attorneys' fees and costs of litigation.

44. In terminating Plaintiff Powell's employment, Defendants Morice, Speed, Illick, and Gilbert acted with evil motive or intent or with reckless or callous indifference to Plaintiff Powell's federally protected rights and, therefore, an award of punitive damages against each of these defendants is appropriate.

WHEREFORE, Plaintiff Powell prays that the Court, after trial by jury, enter judgment in his favor and against Defendants, in amounts to be determined at trial, for economic losses, including prejudgment interest; for compensatory damages, including damages for emotional and mental distress; for punitive damages against Defendants Morice, Speed, Illick, and Gilbert; for equitable relief, including reinstatement or, in the alternative, front pay; for attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

                DOBSON, GOLDBERG, BERNS & RICH, LLP

By:   /s/ Gregory A. Rich
      Jerome J. Dobson, #33215
      jdobson@dobsongoldberg.com
      Gregory A. Rich, #67115
      grich@dobsongoldberg.com
      5017 Washington Place, Third Floor
      St. Louis, MO 63108
      Tel:  (314) 621-8363
      Fax:  (314) 621-8366

Attorneys for Plaintiffs